| | |
|---|---|
| WILLIAM K. HARRINGTON<br>UNITED STATES TRUSTEE, REGION 2<br>Department of Justice<br>Office of the United States Trustee<br>Southern District of New York<br>Alexander Hamilton U.S. Custom House<br>One Bowling Green, Rm. 534<br>New York, NY 10004<br>Tel. (212) 510-0500<br>By:    Andrea B. Schwartz, Trial Attorney | **Hearing Date and Time:**<br>September 30, 2025, at 10:00 a.m.<br>**Relation to ECF Nos.**:<br>1 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                                    :
                                                                              :    Case No. 25-10308 (MEW)
ELFAND ORGANIZATION, LLC,                       :
  d/b/a EMPIRE CANNIBAS CLUBS,              :    Chapter 11
                                                                              :
                                              Debtor.            :
-------------------------------------------------------x

**UNITED STATES TRUSTEE'S MOTION, PURSUANT TO 11 U.S.C. § 1112,
TO DISMISS OR CONVERT THIS CASE TO A CASE UNDER
CHAPTER 7 OF THE CODE AND FOR RELATED RELIEF**

**TABLE OF CONTENTS**

Table of Contents ................................................................................................................. i

Table of Authorities ............................................................................................................ ii

I.       Preliminary Statement ................................................................................................. 1

II.      Jurisdiction, Venue and Statutory Predicate ............................................................... 2

III.     Background ................................................................................................................. 2

IV.     Discussion ................................................................................................................... 6

        A.     Governing Legal Standards ................................................................................. 6

        B.     Dismissal or Conversion is Appropriate Under 11 U.S.C. § 1112(b) ................. 7

             1.     The Debtor has Failed to File Timely its Schedules and Other
Required Documents ................................................................................ 7

             2.     The Debtor Twice Failed to Attend the Section 341 Meeting
of Creditors ............................................................................................... 8

             3.     The Debtor Has Failed to File Monthly Operating Reports ..................... 8

             4.     The Debtor Has Failed to Pay Statutory Quarterly Fees .......................... 9

        C.     The Debtor Will Not Be Able to Show Unusual Circumstances under §
1112(b)(2) Establishing that Converting or Dismissing the Case is Not in the Best
Interests of Creditors and the Estate .................................................................. 9

        D.     The Court Should Diss the Current Case with a Lengthy Ban to Refiling of Not
Less than Two Years Under 11 U.S.C. §§ 105(a) and 349(a) as a Sanction for the
Debtor's Bad Faith ........................................................................................... 10

             1.     Dismissal is in the Best Interests of Creditors and the Estate .................. 10

             2.     The Court Should Impose a Lengthy Ban on Refiling Against
the Debtor of Not Less than Two Years, under 11 U.S.C. §§ 195(a)
and 349(a) as an Appropriate Sanction for the Debtor's
Bad Faith Filings ..................................................................................... 11

V.      Conclusion ............................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                                                               **Page(s)**

*Casse v. Key Bank Nat'l Ass'n (In re* Casse*)*,
  198 F.3d 327, 329. (2d Cir. 1999) ............................................................................ 11-12

*In re AdBrite Corp.*,
  290 B.R. 209 (Bankr. S.D.N.Y. 2003) ............................................................................ 11

*In re Ameribuild Const. Mgmt., Inc.*,
  399 B.R. 129, 131 n.3 (Bankr. S.D.N.Y. 2009) ................................................................ 6

*In re C-TC 9th Ave. P'Ship,*
  113 F.3d 1304, 1311 (2d Cir. 1997) ................................................................................. 6

*In re Halal 4 U LLC,*
  2010 WL 3810860 (Bankr. S.D.N.Y. Sept. 24, 2010) ................................................... 6-7

*In re Koerner,*
  800 F.2d 1358 (5th Cir. 1986) ........................................................................................ 11

*Squires Motel, LLC v. Gance*,
  426 B.R. 29 (N.D.N.Y. 2010) ......................................................................................... 10

*In re TCR of Denver, LLC,*
  338 B.R. 494 (Bankr D. Colo. 2006) ............................................................................... 6

*In re Van Eck*,
  425 B.R. 54 (Bankr. D. Conn. 2012) ......................................................................... 10-11

*In re Wenegiemi v. Macco,* 580 B.R. 17 (E.D.N.Y. 2018) ................................................... 11

*In re Weiss Multi-Strategy Advisers LLC,*
  2024 WL 2767893, at *12 (Bankr. S.D.N.Y. May 29, 2024) ........................................... 6

*Rowland v. California Men's Colony,* 506 U.S. 194 (1993) ........................................... 8, n.6

**Statutes**

11 U.S.C. § 105(a) .................................................................................................. 1, 10-11

11 U.S.C. § 109(g) ......................................................................................................... 11

11 U.S.C. § 341 ............................................................................................................ 1, 8

11 U.S.C. § 341(a) ........................................................................................................... 7

11 U.S.C. § 349 ........................................................................................................ 2, 11

11 U.S.C. § 349(a) .................................................................................................. 1, 10-11

11 U.S.C. § 521 ...................................................................................................... 1, 7, 10

11 U.S.C. § 521(A)(1) ..................................................................................................... 7

11 U.S.C. § 1112 ............................................................................................................. 2

11 U.S.C. § 1112(b) .................................................................................................. 1, 6-7

11 U.S.C. § 1112(b)(1) .................................................................................................. 11

11 U.S.C. § 1112(b)(2) ............................................................................................... 9-10

11 U.S.C. § 1112(b)(4) ......................................................................................... 6, 7, 10

11 U.S.C. § 1112(b)(4)(F) ............................................................................................... 7

11 U.S.C. § 1112(b)(4)(G) .............................................................................................. 8

11 U.S.C. § 1112(b)(4) (H) ............................................................................................. 9

11 U.S.C. § 1112(b)(4) (K) ............................................................................................. 9

28 U.S.C. § 157 ............................................................................................................... 2

28 U.S.C. § 1334 ............................................................................................................. 2

28 U.S.C. § 1408 ............................................................................................................. 2

28 U.S.C. § 1409 ............................................................................................................. 2

28 U.S.C. § 1930 ......................................................................................................... 2, 5

28 U.S.C. § 1930(a)(6) .................................................................................................... 9

31 U.S.C. § 3717 .................................................................................................................... 2, 5

**Rules**

Fed. R. Bankr. P. 1007 ............................................................................................................ 1, 7

Fed. R. Bankr. P. 1007(c)(1) ...................................................................................................... 7

Fed. R. Bankr. P. 1017 ............................................................................................................... 2

Local Bankr. R. 1007-2 .......................................................................................................... 1, 7

**Other Authorities**

Levin and Summer, COLLIER ON BANKRUPTCY (16TH ed.) ¶ 1112.04 ................................... 6

Operating Guidelines and Reporting Requirements for Chapter 11 Debtors
     and Trustees (Rev. 3/01/23)   1, 8, 10

TO:    HONORABLE MICHAEL E. WILES,
         UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2, hereby moves this Court, pursuant to 11 U.S.C. § 1112(b) for an order dismissing or converting the above captioned chapter 11 case of Elfand Organization, LLC, d/b/a Empire Cannabis Clubs (the "Debtor") with a lengthy ban of not less than two years against the Debtor for refiling under 11 U.S.C. §§ 105(a) and 349(a). In support thereof, the U.S. Trustee respectfully states as follows:

**I.    Preliminary Statement**

Cause exists to dismiss or convert this case and for the imposition of a lengthy ban on refiling. The Debtor is a bad faith filer with one apparent purpose; that is, to thwart the actions of landlords to complete prepetition evictions at various locations that the Debtor operates or has operated "cannabis clubs" in New York City and Brooklyn. This is the second chapter 11 case that the Debtor has filed in this District in a year, and the Debtor also filed an affiliate bankruptcy case in the Eastern District, in which Jonathan Elfand, the principal of both entities, has improperly put at issue property of this Debtor's estate in that case. There are at least two pending motions to dismiss the EDNY Case returnable on August 22, 2025.

There are no fewer than four grounds that establish the requisite cause under section 1112(b) of the Code to dismiss or convert the case:

1. The Debtor has failed to file timely its Schedules of Assets and Liabilities and Statement of Financial Affairs and documents required by this Court, *see* 11 U.S.C. § 521, Fed. R. Bankr. 1007, and Local Bankruptcy Rule 1007-2;

2. The Debtor twice failed to appear at the meeting of creditors, *see* 11 U.S.C. § 341;

3. The Debtor has not filed any monthly operating reports, as required by the UST Operating Guidelines; and

    4.       The Debtor has failed to pay fees due and owing to the United States Trustee Program, *see* 28 U.S.C. § 1930 and 31 U.S.C. § 3717.

Further, given the Debtor's plain intent to misuse the bankruptcy system as evidenced by the actions of its principal designed solely to prevent the Debtor's landlords from lawfully repossessing their premises, and for no other apparent reason, the imposition of a ban against the Debtor for refiling is warranted and should be imposed.

For all these reasons, the case should be converted or dismissed, and if dismissed, the Court should impose a lengthy ban on refiling, of not less than two years, to prevent this Debtor from abusing the bankruptcy system again in the near term.

## II.    Jurisdiction, Venue and Statutory Predicate

    1.       The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Motion is initiated pursuant to 11 U.S.C. §§ 349 and 1112, and Fed. R. Bankr. P. 1017.

## III.    Background

    2.       On February 18, 2025 (the "Petition Date"), the Debtor filed a petition for relief (the "Petition") under chapter 11 of the Bankruptcy Code, [ECF No. 1]. Jonathan Elfand ("Elfand"), a member of the Debtor, filed the petition *pro se*.[1] *Id.*

    3.       The petition lists six addresses for the Debtor's principal place of business, including three in New York City and three in Brooklyn. *See* Petition at No. 4. The New York

---

[1] The Debtor is a repeat filer in this District. Elfand first filed a chapter 11 petition for the Debtor in this District on December 2, 2024, under Case No. 24-12122 (LGB) (the "First Case"). On January 29, 2025, the Court dismissed the First Case on the U.S. Trustee's motion for failure to retain counsel. *See Order Dismissing Chapter 11 Case*, [ECF No. 31].

2

City locations are: 147 Eighth Avenue, 424 Broadway, and 172 Allen Street. The Brooklyn locations are: 446 Fulton Street, 268 Metropolitan Avenue, 833 Manhattan Avenue. *Id.*

4. The Court scheduled the meeting of creditors (the "Meeting of Creditors") for March 19, 2025, at 2:00 p.m., [ECF No.2].

5. On March 5, 2025, 833 Manhattan Avenue LLC, BNN Fulton Flushing Owner LLC, and 424 Broadway LLC, landlords (collectively, the "Landlords")under leases with the Debtor for premises located at 424 Broadway, 446 Fulton Street and 833 Manhattan Avenue, filed a motion to dismiss this case or, in the alternative, among other things, for relief from the stay to commence or continue prepetition eviction actions at these locations (the "Landlord's Motion"). *See Motion of 833 Manhattan Avenue LLC, BNN Fulton Flushing Owner, LLC and 424 Broadway LLC for an Order (I) Dismissing this Case Under 11 U.S.C.§1112(b); or, Alternatively, (II) Allowing the Debtor's Eviction to Continue Under 11 U.S.C. § 362(b)(10), and 11 U.S.C. § 362(d); or, Alternatively, Compelling Rejection; (III) Permitting the Application of Security Deposits under 11 U.S.C. §§ 362(d) and 553; and (IV) Waiving Any Stay Period and Providing for the Terms of the Order Granting this Motion to Take Effect Immediately upon Entry*, [ECF No. 7].[2]

6. On March 11, 2025, the Court held a hearing on the Landlord's Motion and granted the Landlords stay relief to proceed with the evictions at the three premises. *See Order Modifying the Automatic Stay to Permit Landlord's Ability to Proceed in State court for Recovery of their Respective Properties,* [ECF No. 17].

---

[2] The Landlords filed a similar motion in the First Case, however, because the Court found that the case could not proceed without the Debtor retaining counsel, the Court dismissed the case before the Landlord's motion could be heard in that case. *See* First Case, [ECF No. 19].

3

7. On April 7, 2025, Elfand filed another petition, this time for an affiliate of the Debtor, namely, Empire NJ Consulting LLC ("ENJC"), also doing business as Empire Cannabis Clubs, in the U.S. Bankruptcy Court for the Eastern District of New York under Case No. 24-41684 (ESS) (the "EDNY Case" or the "Third Case"). Upon information and belief, Elfand claims that some or all the Debtor's property belongs to the affiliate in the EDNY Case.

8. At or about the same time, John C. Kim, Esq., on behalf the Debtor, advised the U.S. Trustee that he would be filing a motion to dismiss the case.[3] *See* Declaration of Andrea B. Schwartz, dated August 18, 2025 [hereinafter, "Schwartz Declaration"], at ¶ 3. Accordingly, the U.S. Trustee agreed to adjourn *sine die* the Meeting of Creditors pending the outcome of the Debtor's soon-to-be filed motion to dismiss. *Id.*

9. On April 14, 2025, the Debtor moved to dismiss due to its "inability to continue operations, maintain any premises, or propose a viable plan of reorganization due to the eviction efforts on the part of the Landlords and or padlocked status of all locations." *See Debtor's Motion to Dismiss the Chapter 11 Case* (the "Motion to Dismiss") at ¶ 10, [ECF No. 18].

10. On May 6, 2025, the Landords filed a limited objection to the Motion to Dismiss. *See Landlord's Limited Motion to the Debtor's Motion to Dismiss*, [ECF No. 20]. The Landlords requested that the Court delay ruling on the Motion to Dismiss until after the EDNY Court ruled on ENJC's motion to have the automatic stay reinstated as to the 424 Broadway premises.[4] *See generally,* Landlord Objection.

---

[3] Although Mr. Kim appeared for the Debtor at the March 11th hearing and thereafter, to date the Debtor has not moved to retain him. *See* Declaration of Andrea B. Schwartz, dated August 18, 2025 [hereinafter "Schwartz Declaration"] at ¶ 8(b).

[4] The Court's familiarity is presumed regarding Elfand's attempts to stay the Landlords' evictions on leases that are property of the Debtor, including the lease for the 424 Broadway location, by commencing the EDNY Case and claiming that the 424 Broadway lease is property of ENJC and not the Debtor.

4

11. At a hearing held on May 13, 2025, the Court denied the Motion to Dismiss. Ruling from the bench, the Court expressed concern about the Landlords' claim that leases which were property of the Debtor's estate also were at issue in the Third Case pending in the Eastern District. Schwartz Decl. at ¶ 4. In addition, the Court was unwilling to dismiss the case without further information concerning the Debtor's estate.[5] *Id.*

12. On June 5, 2025, the Court entered an order denying the Motion to Dismiss. *See Order Denying Debtor's Motion to Dismiss*, [ECF No. 21].

13. On August 7, 2025, the U.S. Trustee convened the Meeting of Creditors, however, the Debtor did not appear. *Id.* at ¶ 6. The U.S. Trustee rescheduled the Meeting of Creditors for August 13, 2025, and again the Debtor did not appear. *Id.* at ¶ 7. At the meeting, Mr. Kim also advised that he would be filing a motion to withdraw as counsel. *Id.*

14. To date, the Debtor has not filed its schedules of assets and liabilities or its statement of financial affairs (collectively, the "<u>Schedules</u>"), or the documents required by this Court's Local Rules. *Id.* at ¶ 8(a). In addition, the Debtor has not filed any monthly operating reports or paid to the U.S. Trustee Program fees due pursuant to 28 U.S.C. § 1930, or interest, if any, under 31 U.S.C. § 3717. *Id.* at ¶ 8(b) and (c). It is estimated that the Debtor currently owes $500 in statutory fees due and owing. *Id.* at ¶ 10, **Exhibit A.**

---

[5] The Court's docket in the EDNY Case reflects that there are three motions pending and scheduled to be heard on August 22, 2025, at 10:30 a.m., including the EDNY Court's motion to dismiss due to the failure of ENJC to retain counsel, [ECF No. 3], the Debtor's *ex parte* application for emergency relief stopping any further proceedings at 424 Broadway and permitting re-entry, [ECF No. 5], and the U.S. Trustee's motion to dismiss for failure to retain counsel and for a ban on refiling for bad faith, [ECF No. 26]. *See also,* Schwartz Decl. at ¶ 9.

**IV.** **Discussion**

    **A.** *Governing Legal Standards*

A court must convert or dismiss a bankruptcy where "cause" exists "so long as [conversion or dismissal] is in the best interest of both the creditors and the estate." *In re Halal 4 U LLC*, 2010 WL 3810860, at *2 (Bankr. S.D.N.Y. Sept. 24, 2010) (citing 11 U.S.C. § 1112(b) and COLLIER ON BANKRUPTCY ¶ 1112.04). Although Section 1112(b)(4) of the Bankruptcy Code provides several of examples of "cause," that list "is not exhaustive and courts are free to consider other factors." *Id.* (internal quotations omitted); *see also In re C-TC 9th Ave. P'ship,* 113 F.3d 1304, 1311 (2d Cir. 1997) ("It is important to note that [Section 1112(b)(4)] is illustrative, not exhaustive."). As one court has observed:

> The Court [must] be able to consider other factors as they arise, and to use its equitable powers to reach an appropriate result in individual cases ... [and] [i]t is clear that Congress amended section 1112(b) to make it broader, more strict as to debtors, and more encompassing. For example, the legislative history for section 1112(b) reflects that versions of this section leading to the enactment are entitled "Expanded Grounds for Dismissal or Conversion and Appointment of the Trustee."

*In re Ameribuild Const. Mgmt., Inc.*, 399 B.R. 129, 131 n.3 (Bankr. S.D.N.Y. 2009) (citing *In re TCR of Denver, LLC,* 338 B.R. 494, 500 (Bankr.D.Colo.2006) and the legislative history accompanying Section 1112); *see also In re Weiss Multi-Strategy Advisers LLC,* 2024 WL 2767893, at *12 (Bankr. S.D.N.Y. May 29, 2024) (finding that "[b]ankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under § 1112(b)."). Once the movant establishes that "cause" exists, "the burden shifts to the respondent to demonstrate by evidence the unusual circumstances that establish that dismissal or conversion is not in the best interests of creditors and the estate." *Halal 4 U,* 2010 WL at *2-3.

6

Based on the facts and circumstances in this case, cause to dismiss or convert this case may be based upon four of the enumerated grounds set forth in section 1112(b)(4), including:

(F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by a rule applicable to a case under this chapter;

(G) failure to attend the meeting of creditors convened under section 341(a) . . .;

(H) failure timely to provide information or attend meetings reasonably requested by the United States trustee . . .; and

(K) failure to pay any fees or charges required under chapter 123 of title 28 . . . .

11 U.S.C. § 1112(b)(4)(F), (G), (H) and (K).

### B. *Dismissal or Conversion is Appropriate Under 11 U.S.C. § 1112(b)*

#### 1. The Debtor has Failed to File Timely its Schedules and Other Required Documents.

Section 521 of the Bankruptcy Code lists various duties of a debtor. 11 U.S.C. § 521. All debtors must file schedules, a statement of financial affairs and various other documents listed in section 521(A)(1). *Id.* Rule implements section 521 and provides, among other things, that the schedules, statement of financial affairs and other documents be filed within 14 days after the order for relief is entered. Fed. R. Bankr. P. 1007(c)(1). A review of the Court's docket reveals that the Debtor never filed its Schedules. Schwartz Decl. at ¶ 7(a).

In addition, Local Bankruptcy Rule 1007-2 requires that a debtor file with its petition an affidavit (the "1007 Affidavit") setting forth a host of information including, among other things, the facts leading to the filing and information relevant to the prosecution of the case and any motions for first day relief. To date, the Debtor never filed its 1007 Affidavit. *Id.* Therefore, cause exists to dismiss or convert the case under 11 U.S.C. § 1112(b)(4)(F).

2.      The Debtor Twice Failed to Attend the Section 341
        Meeting of Creditors.

Following the Court's denial of the Motion to Dismiss, the U.S. Trustee made several attempts to schedule the Meeting of Creditors on a date mutually agreeable to the Debtor and the U.S. Trustee. Schwartz Decl. at ¶ 5. Ultimately, the U.S. Trustee scheduled the Meeting of Creditors for August 7, 2025, at 2:00 p.m. *Id.* Although Mr. Kim and counsel for the Landlords appeared, the Debtor did not. *Id.* at ¶ 6. Mr. Kim advised that his client was "unavailable." *Id.* The U.S. Trustee adjourned the meeting to August 13, 2025, at 1:30 p.m., and advised that if the Debtor did not appear at that time, the U.S. Trustee may take appropriate action. *Id.*

The U.S. Trustee convened the adjourned meeting on August 13, 2025. *Id.* at ¶ 7. Again, only Mr. Kim and counsel for the Landlords appeared, as well as another attorney representing another landlord. *Id.* Mr. Kim advised that the Debtor was unavailable. Accordingly, the Debtor's failure, now twice, to appear for examination at the Meeting of Creditors constitutes cause exists to dismiss or convert the case pursuant to 11 U.S.C. § 1112(b)(4)(G).[6]

3.      The Debtor Has Failed to file Monthly Operating Reports.

The Executive Office of U.S. Trustees has issued guidelines for chapter 11 debtors operating in chapter 11 (the "UST Guidelines"). *See Operating Guidelines and Reporting Requirements for Chapter 11 Debtors and Trustees* (03/01/23), https://www.justice.gov/ust-regions-r02/file/region_2_operating_guidelines.pdf/dl. Among other things, the UST Guidelines require that chapter 11 debtors file periodic financial reports ("MORs") on a calendar monthly basis from the Petition Date to the earlier of the effective date of a confirmed plan, the

---

[6] At the August 13th meeting, Mr. Kim advised that he would be filing a motion to withdraw as counsel, irrespective of the fact that the Debtor never filed an application to retain him in the Bankruptcy Court. Schwartz Decl. at ¶ 7. Should Mr. Kim file his motion and the Court grant it before hearing the instant motion, the U.S. Trustee reserves its right to argue as an additional ground for dismissal or conversion the Debtor's failure to retain counsel. *See Rowland v. California Men's Colony*, 506 U.S. 194, 201-02 (1993) (stating that "[i]t has been the better part of two centuries … that a corporation may appear in the federal courts only through licensed counsel).

8

conversion date of the case to another chapter, or the dismissal of the case. *Id.* To date, the Debtor has not filed any MORs since the Petition Date. Schwartz Decl. at ¶ 8(c). Thus, the Debtor has failed timely to provide information requested by the U.S. Trustee, and the case should be dismissed or converted pursuant to 11 U.S.C. 1112(b)(4)(H).

    4.    <u>The Debtor Has Failed to Pay Statutory Quarterly Fees</u>

Section 1930(a)(6) of title 28 requires that "…a quarterly fee… be paid to the United States trustee, for deposit in the Treasury, in each case under chapter 11 … for each quarter … until the case is converted or dismissed, whichever occurs first." 28 U.S.C. § 1930(a)(6). To date, there is due and owing to the U.S. Trustee the sum of $500, which fees are estimated because the Debtor has failed to file any MORs. Schwartz Decl. at ¶ 10, Ex. A. The amount owed, therefore, may increase should the Debtor file the requisite financial disclosures. *Id.* Accordingly, cause exists to dismiss or convert this case pursuant to 11 U.S.C. § 1112(b)(4)(K).

    **C.**    ***The Debtor Will Not Be Able to Show Unusual Circumstances under § 1112(b)(2) Establishing that Converting or Dismissing the Case Is Not in the Best Interests of Creditors and the Estate***

Under § 1112(b)(2),

> (1) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that—
>
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title; or such sections do not apply, within a reasonable period of time; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than paragraph (4)(A)—

9

> (i) for which there exists a reasonable justification for the act or omission; and
>
> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2)(A) and (B).

If the Court finds cause under § 1112(b)(4), the Debtor has the burden of proving unusual circumstances under § 1112(b)(2). *See Squires Motel, LLC v. Gance*, 426 B.R. 29, 35 (N.D.N.Y. 2010) (finding that debtor must demonstrate unusual circumstances establishing dismissal or conversion is not in best interests of creditors and estate). "The Code does not define unusual circumstances; however, courts have determined that it contemplates conditions that are not common in most chapter 11 cases." *In re Van Eck*, 425 B.R. 54, 63 (Bankr. D. Conn. 2012) (citations and internal quotation marks omitted).

Here, given the Debtor's failure to discharge its duties as a debtor in possession under section 521 of the Bankruptcy Code by filing full and accurate Schedules, failing to comply with the Local Rules of this Court by failing to, among other things, file its 1007 Affidavit, and its failure to make the requisite financial disclosures in MORs required by the UST Guidelines, it is plain that the Debtor will not be able to rebut the multiple examples of cause needed to defeat this motion. Accordingly, the case must be converted to a case under chapter 7 of the Bankruptcy Code or dismissed.

    **D.**    ***The Court Should Dismiss the Current Case with a Two-Year Bar to Refiling under 11 U.S.C. §§ 105(a) and 349(a) as a Sanction for the Debtor's Bad Faith***

        1.    Dismissal is in the Best Interests of Creditors and the Estate.

After determining that cause exists under § 1112(b)(4) and that there are no unusual circumstances under § 1112(b)(2), the Court may convert or dismiss the case, "whichever is in

10

the best interest of the creditors and the estate." *Van Eck*, 425 B.R. at 67 (quoting § 1112(b)(1)). "Once cause for relief is shown, the Court has broad discretion to either convert or dismiss the chapter 11 case. Although this discretion is not completely unfettered, the Court is not required to give exhaustive reasons for its decision." *In re AdBrite Corp.*, 290 B.R. 209, 215 (citing *In re Koerner*, 800 F.2d 1358, 1368 (5th Cir. 1986)).

Here, it appears that other than the leases, the Debtor has no other assets. Accordingly, there is nothing for a trustee to administer. Accordingly, dismissal is appropriate in this case.

> 2. The Court Should Impose a Lengthy Ban on Refiling Against the Debtor of Not Less than Two Years, under 11 U.S.C. §§ 105(a) and 349(a), is an Appropriate Sanction for the Debtor's Bad Faith Filings.

Under 11 U.S.C. § 105(a), "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title ...." 11 U.S.C. § 105(a).

Section 349 of the Bankruptcy Code provides, in pertinent part, that:

> (a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge in a later case under this title, of debts that were dischargeable in the case dismissed. . .

11 U.S.C. § 349(a).

Sections 105(a) and 349(a), on the other hand, empower the Court to dismiss a case "with prejudice," that is, "to sanction bad faith serial filers . . . by prohibiting further bankruptcy filings for periods of time longer the 180 days specified by § 109(g)." *Casse v. Key Bank, Nat'l Ass'n (In re Casse)*, 198 F.3d 327 (2d. Cir. 1999). The duration of the bar to refiling is within the discretion of the Court. *Id*. at 338 (citations omitted). In *Wenegiemi v. Macco*, 580 B.R 17, 25 (E.D.N.Y. 2018), for example, the District Court affirmed the Bankruptcy Court's decision to dismiss the debtor's chapter 13 case with prejudice for one year as a sanction for his "tactic of

11

serial filing in an attempt to preserve his property, without complying with debtors' duties in availing themselves of the privilege of bankruptcy actions." Likewise, in *Casse*, 198 F.3d at 341, the Second Circuit affirmed the Bankruptcy Court's order dismissing the debtor's case with a bar to any future filings based on the debtor's bad faith serial filings and vexatious litigation tactics.

The Debtor's conduct in this Court and the EDNY Court demonstrates that there has been no purpose to these three chapter 11 filings other than to thwart the Landlords' efforts to complete prepetition eviction actions and lawfully reposes their premises. The Court should dismiss the Debtor's case with prejudice and impose a lengthy ban against refiling for a period not less than two years for its serial bad faith filings, in which the Debtor failed to comply with any of its fiduciary duties required of all debtors in bankruptcy. Dismissal years would allow all creditors sufficient time to seek relief against the Debtor without its interference

## V.   Conclusion

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this chapter 11 case with a lengthy ban against refiling for a period of not less than two years and granting such other and further relief as may be deemed just and proper.

Dated: New York, New York
August 19, 2025

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By:   /s/ *Andrea B. Schwartz*
Andrea B. Schwartz
Trial Attorney

12