UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                       :
                                                             :   Case No. 25-10308 (MEW)
ELFAND ORGANIZATION LLC,                                     :
d/b/a EMPIRE CANABIS CLUBS,                                  :   Chapter 7
                                                             :
                    Debtor.                                  :
-------------------------------------------------------------x

### DECISION AND ORDER DENYING DEBTOR'S MOTION FOR EXTENSION OF DEADLINE FOR FILING OF DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL

On September 26, 2025 this Court entered an Order (ECF No. 45) directing the Debtors to surrender certain real property pursuant to section 365(d)(4) of the Bankruptcy Code, declaring certain prior state court proceedings to be null and void, and granting automatic stay relief to 268 Metropolitan Ave LLC. The Debtor filed a motion for reconsideration on October 10, 2025 (ECF No. 53). On September 30, 2025, this Court entered an Order (ECF No. 49) converting the Debtor(s)' chapter 11 case(s) to a case under chapter 7 of the Bankruptcy Code. The Debtor filed a motion for reconsideration on October 14, 2025 (ECF No. 55). On November 20, 2025, this Court issued a Decision denying the motion for reconsideration (ECF No. 61) and an Order denying reconsideration (ECF No. 62). The Debtor filed a notice of appeal on December 5, 2025 (ECF No. 64).

Rule 8009 of the Federal Rules of Bankruptcy Procedure requires an appellant to designate the items to be included in the record on appeal, and a statement of the issues to be presented on appeal, and to serve the same within 14 days after the notice of appeal has become effective. Fed. R. Bankr. P. 8009(a)(1). The Debtor did not do so. The Clerk of this Court then transmitted the notice of appeal to the United States District Court for the Southern District of

New York, where the appeal was docketed on December 23, 2025 and was designated as case number 25 Civ. 10641.

The District Court issued a scheduling order on December 29, 2025. *See* Case No. 25-civ-10641, ECF No. 3. The Scheduling Order adopted the Rule 8009 deadlines "as the Order of this Court" and stated, among other things, that "[f]ailure to comply with this order and/or the time limits in Rules 8009 or 8018 will result in dismissal of the appeal (in the case of the appellant . . ." *Id.* The Debtor still did not file the items required by Rule 8009. Nor did the Debtor file any request for extension of time in which to do so. The District Court entered a further Order dated February 3, 2026 and entered on the docket on February 4, 2026, which referred to the requirements of Rule 8009 and which directed that the required items be filed "no later than February 10, 2026," failing which the appeal would be dismissed. *See* Case No. 25-civ-10641, ECF No. 4. The Debtor did not comply, and the District Court entered an Order dismissing the Appeal on February 17, 2026. *Id.,* ECF No. 5.

On February 18, 2026, the Debtor filed a motion in this Court (ECF No. 68), belatedly seeking an extension of time in which to make the filings required by Rule 8009. The motion asserts that counsel faced time constraints and personal difficulties during the holiday season and during the weeks immediately following the issuance of the notice of appeal. The motion then asks that I extend the deadline under Rule 8009, presumably for the purpose of nullifying the grounds for the District Court's dismissal of the appeal. There are several reasons why this request must be denied.

First, the motion is not properly made to this Court. No application for an extension of time was filed with this Court prior to the docketing of the appeal in the District Court on December 23, 2025. Thereafter, the District Court entered two scheduling orders that set

deadlines for the filing of the required documents. In doing so the District Court expressed its own view as to the proper schedule for purposes of Rule 8009. I have no power to modify or to overturn any of the scheduling orders issued by the District Court or to extend deadlines that the District Court decided were appropriate. I also have no power to modify the District Court's determination that the dismissal of the appeal was the appropriate sanction for the Debtor's failure to file the required documents, which is effectively what the Debtor is asking me to do. If the Debtor believes that a further extension of time is warranted and/or that the dismissal order should be reconsidered or reopened, the Debtor should be making that application to the District Court, not to this Court.

Second, any application that asserts excusable neglect as a ground for relief must also show that the applicant acted promptly to take the action that should have been taken earlier. *In re Tronox Inc.*, 626 B.R. 688, 731 (Bankr. S.D.N.Y. 2021). The Debtor's motion contends that counsel was faced with various issues immediately following the docketing of the notice of appeal. However, the designation of items to be included in the record on this appeal, and the preparation of a statement of the issues on this appeal, are relatively straightforward tasks. The motion does not explain why compliance with the District Court's Order dated February 3, 2026 posed any problem, or why an application for relief from the District Court could not have been made.

For the foregoing reasons, it is hereby

ORDERED, that the Debtor's motion is denied, without prejudice to the Debtor's right to seek relief from the District Court.

Dated: New York, New York
February 27, 2026

/s/ **Michael E. Wiles**
UNITED STATES BANKRUPTCY JUDGE